## 29181. SMITH v. GLOBE INDEMNITY COMPANY.

, DECIDED SEPTEMBER 22, 1941.

*C. B. McCullar,* for plaintiff.

*Harris, Harris, Russell & Weaver,* for defendant.

FELTON, J.   Robert H. Smith sued the Globe Indemnity Company on a bond, on which his wife, as his guardian, was principal and which the defendant signed as surety.   The bond was predicated, as stated therein, on the fact that the wife had been appointed "committee," or in our terminology, "guardian," of the person and property of the plaintiff.   The condition of the bond is that if the wife, Isabella Smith, shall in all things faithfully discharge the trust reposed in her and obey all lawful directions of the court touching the trust, and in all respects render a just and true account of all moneys and other property received by her, and of the application thereof, and of the guardianship whenever required to do so by a court of competent jurisdiction, then the obligation to be void, otherwise to remain in full force and virtue.   The petition alleged that during 1930 or 1931 the plaintiff's wife, Isabella Smith, and the defendant, by fraudulent means and trickery, conspired to have the plaintiff adjudged incompetent so that they could obtain his property; that he was adjudged incompetent; that his wife qualified as his "committee" and gave the bond sued on; that he escaped confinement and returned to Georgia when he forced his wife's discharge, obtained a ruling that his sanity had been restored, and forced his wife to give an accounting in the same court as to her disposition of his funds; that in the final accounting which the New York court required his wife to render on February 4, 1939, she returned to plaintiff four adjusted service bonds of the value of $50 each, and 46 cents, and that she has refused to return to him eleven bonds and a check for $37.50 turned over to her by the Veterans Administration; that under U. S. C. A. Title 38, § 454A, said bonds were not liable to attachment, levy or seizure by any kind of legal process whatever; that he never at any time authorized his wife to appropriate these bonds to her own use or to pay any claims from them; that his bonds were not spent on nec-

essary things for his family, but were spent by his wife to hire a doctor to get plaintiff adjudged insane, to pay insurance premiums for herself, commissions to herself, luxuries for herself, bond premiums to the defendant, to repay loans to her brother-in-law and other in-laws for personal loans obtained from them including attorney's fees for herself; that the action of the New York State court in permitting Mrs. Smith to withdraw the bonds and spend them was entirely illegal, etc. Judgment was prayed for $587.50. The defendant's general demurrer and various special demurrers were sustained and the action dismissed. The plaintiff excepted.

1. The allegations with reference to the conspiracy to have the plaintiff adjudicated incompetent were subject to demurrer, for one reason, because it was not alleged that the plaintiff was competent at the time he was adjudged to be incompetent.

2. The petition does not allege that the New York court did not have jurisdiction of the parties and subject-matter of the accounting, and full faith and credit must be given to the judgment on accounting, which, construing the petition against the plaintiff, was to the effect that she was discharged as to all the bonds and money received by her except the four bonds she was required to deliver to the plaintiff on the accounting. Code, § 1-401; Magruder v. Drury, 235 U. S. 106. This judgment could not be collaterally attacked, and was not alleged to be void on its face or on the face of the record. *Hoke* v. *Walraven*, 57 *Ga. App.* 106 (194 S. E. 610). The World-War veterans adjusted compensation act as amended provides that payment of the bonds and certificates may be made to the legally constituted guardian, curator or conservator of an incompetent veteran. 38 U. S. C. A. § 623. Whether the funds were properly expended by the guardian was a question before the New York court, by whose adjudication the plaintiff is bound until it is reversed or set aside. This court has no authority to set aside a New York judgment. The plaintiff's only remedy was to appeal from that judgment. There were many other questions argued, some of which we think are likewise controlling, but we deem it unnecessary to rule on them.

The court did not err in sustaining the demurrers to the petition and in dismissing the action.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*